**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **PHILANDER BUTLER,** |
| **Plaintiff,** |
| **v.** |
| **FEDERAL BUREAU OF PRISONS,** |
| **Defendant.** |

**Civil Action No.  05-643 (JDB)**

<u>**MEMORANDUM OPINION**</u>

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act, 5 U.S.C. §552a, plaintiff, a federal inmate proceeding *pro se*, seeks a copy of a recorded telephone conversation in the possession of the Bureau of Prisons ("BOP").  Defendant has filed a motion to dismiss or, in the alternative, for summary judgment and plaintiff has opposed the motion.  Based on the factual record and the applicable law, the Court will grant defendant's motion.

*Background*

On August 3, 2004, plaintiff sent a FOIA request to the BOP's South Central Regional Office ("SCRO") seeking a copy of a recorded July 23, 2004 telephone conversation between plaintiff and  his trial counsel.  Complaint ("Compl."), Exhibit ("Ex.") 1.  By a letter dated September 24, 2004*,* the SCRO informed plaintiff that it had found the requested recorded conversation.  *Id.*, Ex. 4.  BOP stated that because plaintiff did not have consent from the other party to the conversation, to release the other party's portion of the conversation would constitute an unwarranted invasion of personal privacy.  *Id.*  Consequently, BOP withheld the conversation

pursuant to FOIA Exemption 7(C).  *Id.*   BOP also stated that if plaintiff was willing to assume the

cost of editing the conversation to exclude the portions involving the other party, the remaining

portion would be released to him.  *Id.*  Upon receipt of such a modified request, BOP would notify

plaintiff of the cost.  *Id.*

On September 30, 2004, plaintiff appealed BOP's decision to the Department of Justice's

Office of Information and Privacy ("OIP").  *Id.*, Ex. 5.   OIP affirmed the decision of the BOP on

January 31, 2005.  *Id.*, Ex. 7.   OIP also informed plaintiff that the recorded conversation could

not be reasonably segregated for release to plaintiff.  *Id.* Plaintiff filed this action on March 30,

2005.

*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the

governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking

summary judgment bears the initial burden of demonstrating an absence of a genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638

(D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington

Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).

 The party opposing a motion for summary judgment, however, "may not rest upon the mere

allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a

genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than

simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions  in

the movant's affidavits will be accepted as being true unless [the opposing party] submits his own

affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453,

456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere

existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The

party opposing the motion must show that there is a genuine issue of *material* fact.  *See Anderson*,

477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the

litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a

reasonable trier of fact to find in favor of the nonmoving party.  *See id.; Laningham v. United*

*States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

　　　　FOIA cases are typically and appropriately decided on motions for summary judgment.

*Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n.

13  (D.D.C. 1980).  In a FOIA case, the court may award summary judgment solely on the basis of

information provided by the department or agency in affidavits or declarations that describe "the

documents and the justifications for nondisclosure with reasonably specific detail, demonstrate

that the information withheld logically falls within the claimed exemption, and are not

controverted by either contrary evidence in the record nor by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*,

484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  Agency affidavits or

declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

*Discussion*

Adequacy of the Agency Search

In order to obtain summary judgment on the issue of the adequacy of a FOIA search, an agency must show, "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id*. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir.

-4-

1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness.  *Oglesby*, 920 F.2d at 68.

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)(*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "If the requestor produces countervailing evidence placing the sufficiency of the identification or retrieval procedures in issue, summary judgment is inappropriate." *Spannaus v. Central Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993)(*citing Church of Scientology* v. *National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  It is plaintiff's burden in a challenge to the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search.  *See Maynard v. CIA*, 986 F.2d 547, 560 (2d Cir. 1993); *Weisberg*, 705 F.2d at 1351-52.  Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search.  *See Weisberg*, 745 F.2d at 1485 (focus of court's inquiry is on reasonableness of search, not whether undisclosed records may exist).

The search here was adequate.  Plaintiff made a very specific request for a copy of a July 24, 2004 telephone conversation.  BOP staff at the United States Penitentiary in Pollack, Louisiana searched the Inmate Telephone and LazerVoice Digital Recording System.  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Deft's Mot."), Declaration of

Karen Summers ("Summers Decl."), ¶ 6.  The recording  was located by staff at the institution and

sent to the SCRO for review. *Id.* & Attachment B.  Plaintiff has made no allegation that the

Defendant's search was inadequate.

<u>Exemption 7 (C)</u>

Defendant relies on FOIA Exemption 7 (C)  to justify withholding the recording of a

telephone conversation between plaintiff and his attorney.   This exemption concerns the privacy

interests of third parties and requires the Court to balance such privacy interests against the

public interest in disclosure of the records.  *See National Archives and Records Admin. v.*

*Favish*, 541 U.S. 157, 171 (2004); *United States Dep' t of Justice v. Reporters Committee for*

*Freedom of the Press,* 489 U.S. 749, 773-75 (1989). Exemption 7 (C) of the FOIA protects

from mandatory disclosure records compiled for law enforcement purposes to the extent that

disclosure " could reasonably be expected to constitute an unwarranted invasion of personal

privacy." 5 U.S.C. § 522(b)(7)(C).  In order to properly withhold materials under this

exemption, two components must be satisfied: (1) that the materials are law enforcement

records and (2) that they would involve an invasion of a third party's privacy.  *See Pratt v.*

*Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).

The BOP is a law enforcement agency.  Summers Decl., ¶ 13.  The BOP has the law

enforcement function of protecting inmates, staff, and the community. *Id.*  Inmate telephone

calls are monitored to preserve the security and orderly management of the institution and to

protect the public.  *Id.*, ¶ ¶  13, 14.  Therefore, such telephone recordings are the functional

equivalent of law enforcement records for purposes of Exemption 7 (C).

The BOP refused to release the recorded conversation because to do otherwise would

invade the privacy of a third-party, plaintiff's counsel.   Plaintiff contends that his counsel waived any expectation of privacy because he was aware that the telephone call was being monitored by BOP.   In addition, plaintiff states that the conversation should be disclosed because the content of the conversation is necessary for plaintiff to file a motion for collateral relief pursuant to 28 U.S.C. § 2255.

Pursuant to BOP policy, federal correctional institutions provide notice to inmates that unless they arrange to telephone an attorney on an unmonitored phone line, the call will be monitored and recorded.   Summer Decl., ¶  16; *see also* 28 C.F.R. § 540.102.   BOP policy also requires that a notice be posted at all monitored telephone locations.   Summers Decl., ¶  16. Since inmates are permitted to place calls to their attorneys on unmonitored telephones, an attorney would have an expectation that the call was not monitored.   *Id.*, ¶  17.

Even if plaintiff's counsel was aware of the potential monitoring of the calls, this fact would not negate his privacy rights under the FOIA.   First, in cases involving personal data on private citizens in law enforcement records, " the privacy interest … is at its apex." *Reporters Committee*, 489 U.S. at 780.   An individual who was a party to a telephone conversation  has a privacy interest in a recording of that conversation.   *See Pendergrass v. U.S. Dep' t of Justice,* 2005 WL 1378724 (D.D.C. June 7, 2005) at *4; *McMillian v. Fed. Bureau of Prisons*, No. 03-1210 (D.D.C. July 23, 2004), *slip op.* at 12.   The fact that there might have been prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. *See Favish*, 541 U.S. at 171; *Kimberlin v. Dep' t of Justice*, 139 F.3d 944, 949 (D.C. Cir.), *cert. denied*, 525 U.S. U.S. 891 (1998); *Edmonds v. FBI*, 272 F.Supp. 2d 35, 53 (D.D.C. 2000).

Plaintiff also argues that disclosure of his trial counsel's portion of the conversation is necessary because counsel admitted that his representation of plaintiff was ineffective and that such information would support plaintiff's claim for relief under 28 U.S.C. § 2255.  In determining whether Exemption 7 (C) applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure.  *Beck  v. Department of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984).  Once a privacy interest is identified under Exemption 7 (C), the FOIA records requestor must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest.  *Favish*, 541 U.S. at 172.  The requestor must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred.  *Id.* at 174.

Plaintiff has not proffered any public interest in disclosure of the contents of the telephone conversation, but instead only his personal need for the material.  However, it is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis.  *See Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir.1975).   Plaintiff's  desire for the information is irrelevant. *See Reporters Committee*, 489 U.S. at 773.   "[T]he only public interest relevant for purposes of Exemption 7 (C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Department of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting  *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).  Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7 (C).  *Blanton v. U.S. Dep't of*

*Justice*, 63 F.Supp.2d 35, 45 (D.D.C. 1999)(quoting *Davis v. Dep't of Justice*, 968 F.2d at 1282).

In the absence of any compelling evidence that the government agency has engaged in illegal

activity, this type of information is exempt from disclosure.  *See SPARC  v. United States Postal*

*Service*, 147 F.3d 992, 999 (D.C.Cir. 1998); *Vance v. FBI*, 46 F.Supp.2d 26, 33 (D.D.C. 1999).

Since Plaintiff does not allege that BOP engaged in misconduct, there is no public interest in

disclosure that outweighs his counsel's privacy interests.  Defendant properly withheld the

recording under Exemption 7 (C).

<u>Segregability</u>

If a record contains information that is exempt from disclosure, any reasonably segregable

information must be released after deleting the exempt portions, unless the non-exempt portions

are inextricably intertwined with exempt portions.  *See Trans-Pacific Policing Agreement v.*

*United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  A

court errs if it "simply approve[s] the withholding of an entire document without entering a

finding on segregability, or the lack thereof."  *Powell v. United States Bureau of Prisons*, 927 F.2d

1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology  v. Dep't of the Army*, 611 F.2d

738, 744 (9th Cir. 1979)).

Regarding the segregability issue, defendant asserts that its

ability to segregate relies on a rudimentary tape recorder, with which we basically copy the
tape, using the "record" and "pause" buttons during copying at the locations identified by
the review as exempt.  This is not always feasible when individuals have similar voices,
the individuals speak simultaneously, or background noise distorts one's ability to hear the
conversation.  In such instances, staff may not be able to decipher the conversation on each
word or phrase, [and] thus will have to redact those portions in their entirety (or release
indecipherable gibberish).

Summers Decl., ¶ 21.

Having reviewed the defendant's declaration, the Court concludes that the exempt and non-exempt portions of the telephone conversation could not be reasonably segregated.

**Conclusion**

The record withheld by defendant is exempt from disclosure under the FOIA.  Based on the foregoing analysis, defendant's motion for summary judgment will be granted.  An appropriate order accompanies this Memorandum Opinion.


_____
JOHN D. BATES
United States District Judge


Dated:   September 27, 2005